**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 12-4575**

─────────────

UNITED STATES OF AMERICA,

             Plaintiff – Appellee,

      v.

NADIN SAMNANG,

             Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria.  Gerald Bruce Lee, District
Judge.  (1:11-cr-00575-GBL-1)

─────────────

Submitted:  May 30, 2013                Decided:   June 18, 2013

─────────────

Before KING, DIAZ, and THACKER, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Shanlon Wu, WU, GROHOVSKY & WHIPPLE, PLLC, Washington, D.C., for
Appellant.  Neil H. MacBride, United States Attorney, Paul J.
Nathanson,  Assistant  United  States  Attorney,  Alexandria,
Virginia, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A federal jury convicted Nadin Samnang of conspiracy to commit wire and mail fraud, in violation of 18 U.S.C.A. § 1349 (West Supp. 2012); nine counts of wire fraud, in violation of 18 U.S.C.A. § 1343 (West Supp. 2012); and two counts of mail fraud, in violation of 18 U.S.C.A. § 1341 (West Supp. 2012). The district court sentenced Samnang to eighty-four months of imprisonment and he now appeals. Finding no error, we affirm.

Samnang first argues on appeal that the district court abused its discretion in denying his requests for a continuance of the trial based on counsel's lack of preparation. We review the denial of a motion for a continuance for abuse of discretion. United States v. Cole, 631 F.3d 146, 156 (4th Cir. 2011). "[E]ven if such an abuse is found, the defendant must show that the error specifically prejudiced [his] case in order to prevail." United States v. Williams, 445 F.3d 724, 739 (4th Cir. 2006) (internal quotation marks and citation omitted). We have thoroughly reviewed the record and conclude that the district court did not abuse its discretion in denying Samnang's additional continuance requests after the court, upon Samnang's motion, had already granted a continuance of the trial date by more than one month.

Samnang next argues that the court erred by including in the loss calculation under the Sentencing Guidelines the loss attributable to a property that was not listed in the indictment. Samnang argues that this created a fatal variance that prejudiced him because it resulted in increased penalties. "When the government, through its presentation of evidence or its argument, or the district court, through its instructions to the jury, or both, broadens the bases for conviction beyond those charged in the indictment, a constructive amendment— sometimes referred to as a fatal variance—occurs." United States v. Allmendinger, 706 F.3d 330, 339 (4th Cir. 2013) (internal quotation marks and citation omitted), petition for cert. filed, (U.S. Apr. 23, 2013) (No. 12-1271). "[A] fatal variance occurs when the indictment is altered to change the elements of the offense charged, such that the defendant is actually convicted of a crime other than that charged in the indictment." Id. (internal quotation marks and citation omitted).

We have reviewed the record and the relevant legal authorities and conclude that there was no variance. Samnang does not allege that the Government produced evidence related to this uncharged property at trial, resulting in a variance between the indictment and the evidence at trial. On the contrary, Samnang concedes that the Government produced no such

3

evidence in its case in chief. Moreover, Samnang's reliance on United States v. Stigler, 413 F.3d 588 (7th Cir. 2005) is misplaced. The Seventh Circuit in Stigler determined that a fatal variance occurred where the government presented evidence of more than one conspiracy where the indictment charged only one conspiracy. Id. at 592. The variance prejudiced the defendant by increasing the number of victims under the Guidelines, resulting in additional enhancement at sentencing. Id. at 593. Here, however, there was no constructive amendment to the indictment or fatal variance between the indictment and the evidence adduced at trial and therefore we need not reach the issue of prejudice.

Moreover, to the extent that Samnang argues that the district court erred in including this property as relevant conduct for the loss calculations under the Guidelines, his failure to raise this issue in his opening brief waives appellate review. Even were we to review this issue, however, it lacks merit as the district court correctly found the relevant conduct by a preponderance of the evidence. See U.S. Sentencing Guidelines Manual § 1B1.3(a) (definition of relevant conduct); see also United States v. Miller, 316 F.3d 495, 504 (4th Cir. 2003) (the district court "need only make a reasonable estimate of the loss" by a preponderance of the evidence).

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

AFFIRMED